UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY ANN LOCKHART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Docket No. 2:11-cv-348-GZS |
| ) | |
| PHILIP G. SMITH, ) | |
| ) | |
| Respondent. ) | |
| ) | |

CASE MANAGEMENT ORDER &
ORDER REGARDING TEMPORARY CUSTODY

On September 16, 2011, the Court held a hearing on its September 14, 2011 Order to Show Cause (Docket # 5).

The Court hereby sets this matter for an evidentiary hearing to begin promptly at 10 AM on September 20, 2011. The hearing will be held in Courtroom One of the Edward T. Gignoux Courthouse located at 156 Federal Street, Portland, Maine 04101. The Court has reserved six hours for this hearing. Although the Court fully anticipates completing the evidentiary hearing in one day, the Court has also reserved September 21, 2011 for completion of the hearing.

All parties to this proceeding remain bound by the factual findings previously made by this Court on October 20, 2006. See Lockhart v. Smith, No. 06-cv-160-P-S, 2006 WL 3091295 (D. Me. Oct. 20, 2006). Therefore, the Court will limit the evidence presented to relevant evidence pertaining to events on or after October 20, 2006.

At the Show Cause hearing it became clear that this case required provisional remedies in order to protect the well-being of the children involved and ensure the children will remain within the jurisdiction of the Court until there is a final disposition of the pending petition. In accordance with the Court's authority under 42 U.S.C. § 11604(a), the Court hereby ORDERS:

1

(1) S.P.S. and G.T.S., (the "Children") shall immediately be placed in the temporary custody of the Petitioner Kimberly Ann Lockhart. Ms. Lockhart will reside in Maine and be solely responsible for ensuring the Children have food, shelter and other necessary support. The Children will remain in the custody of Ms. Lockhart until further order of this Court.

(2) Petitioner's Counsel shall immediately provide to the Clerk of Court a local address where Petitioner will be residing with the Children. Counsel shall update this information as necessary. The Clerk shall provide this address information to the United States Marshal.

(3) No one shall attempt to remove S.P.S. or G.T.S. from the jurisdiction of this Court until the Court issues a final order disposing of the pending petition.

(4) Petitioner and/or Respondent shall immediately surrender any passport or government issued identification for S.P.S. and G.T.S., which have been used in connection with each child's travel between the United States and Canada. The Clerk shall retain possession of the passports or other documents pending final disposition of the Verified Petition and further order of this Court.

(5) Respondent Philip Smith shall have no direct or indirect contact with the Children absent a written order of this Court approving the contact. Respondent shall provide the Childrens' clothing to the local Sheriff by noon on September 17, 2011 so that the Sheriff can turn over the clothing to Petitioner.

If any person believes that there is a failure to comply with this Order and that the well-being of the Children is being compromised as a result, that person shall contact the Court to set up a telephone conference as soon as practicable.

SO ORDERED.

      /s/ George Z. Singal
    United States District Judge

Dated at Portland, Maine, this 16th day of September 2011.