UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY A. LOCKHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No. 2:11-cv-00348-GZS |
| | ) |
| PHILIP G. SMITH, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

Before the Court is Petitioner Kimberly Ann Lockhart's Petition for Return of Child (Docket #1 (hereinafter, the "Petition")), which invokes her rights under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), opened for signature October 25, 1980, T.I.A.S. No. 11, 670, 19 I.L.M. 1501, and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. This is the Petitioner's second Petition for Return of Child. In 2006, the Court held an evidentiary hearing on the Petitioner's first Petition for Return of Child. The Court incorporates by reference the factual findings from its earlier opinion, Lockhart v. Smith, No. 06-cv-160-P-S, 2006 WL 3091295 (D. Me. Oct. 20, 2006), and will not repeat those findings here.

The Court held an evidentiary hearing in this matter on September 20, 2011. Based on the record now before the Court, the Court GRANTS the Petition for Return (Docket #1). In connection with this ruling, the Court makes the following findings of fact and conclusions of law:

I.  **FINDINGS OF FACT**

  A.  **The Parties**

  1. Petitioner Kimberly Ann Lockhart ("Lockhart") is a citizen of Canada and resides in Nova Scotia, Canada. She is the mother of S.P.S. and G.T.S.

  2. Respondent Philip Gavin Smith ("Smith") is a citizen of the United States and resides in Maine. He is the father of S.P.S. and G.T.S. (together, the "Children").

  3. S.P.S. is the eleven year old daughter of Lockhart and Smith. She has dual citizenship in the United States and Canada.

  4. G.T.S. is the twelve year old son of Lockhart and Smith. He has dual citizenship in the United States and Canada.

  B.  **Habitual Residence, Custody, and Custodial Rights**

  5. Petitioner and Respondent stipulate that Petitioner is the custodian of the Children.

  6. Petitioner and Respondent stipulate that Canada is the habitual residence of the Children.

  7. Petitioner and Respondent stipulate that Petitioner was exercising or attempting to exercise her custodial rights at the time she filed her Petition.

  8. Respondent stipulates that Petitioner makes a *prima facie* case against Respondent for wrongful retention under the Hague Convention.

    C.    **The Hague Convention Article 13 Child's Wishes Defense**

9. Respondent has waived all other defenses under the Hague Convention and he stipulates that his sole defense in this action is the "child's wishes" defense under Article 13 of the Hague Convention.

10. Pursuant to Respondent's "child's wishes" claim, I interviewed the Children *in camera*.

11. When I interview S.P.S. *in camera*, I found her to be delightful and mature. She expressed to me that she is happy to return home to Canada, that she misses her friends in Canada, and that she is ready to return to school in Canada. S.P.S. expressed no negative views about returning to Canada and she did not object to returning to Canada. It is apparent to me that she loves both of her parents.

12. When I interviewed G.T.S. *in camera*, I found him to be delightful and mature as well. He also expressed to me that he is happy to return home to Canada, that he misses his friend in Canada, and that he is ready to return to school in Canada. G.T.S. expressed no negative views about returning to Canada and he did not object to returning to Canada. It is apparent to me that he loves both of his parents.

II.    **CONCLUSIONS OF LAW**

    A.    **Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 11603. The Children were and continue to be located within the jurisdiction of this Court since the pending petition was filed.

    **B.**    *Prima Facie* **Case**

    2.    It is the burden of the Petitioner to show by a preponderance of the evidence that S.P.S. and G.T.S. have been wrongfully retained in Maine.

    3.    Under Article 3 of the Hague Convention of the Civil Aspects of International Child Abduction, the removal or retention of a child is deemed wrongful where "it is in breach of the rights of custody attributed to a person … under the law of the State in which the child was habitually resident immediately before the removal or retention" and "at the time of removal or retention those rights were actually exercised … or would have been exercised but for the removal or retention."

    4.    Based on the Respondent's stipulation, the Court finds that Petitioner is the custodian of the Children.

    5.    Based on the Respondent's stipulation, the Court finds that Canada is the habitual residence of the Children.

    6.    Based on Respondent's stipulation, the Court finds that Petitioner was exercising or attempting to exercise her custodial rights at the time she filed her Petition.

    7.    The Court finds that Petitioner has made a *prima facie* case against Respondent for wrongful retention under the Hague Convention.

    **C.**    **The Hague Convention Article 13 Child's Wishes Defense**

    8.    Under Article 13 of the Hague Convention, the Court may refuse to return a child to the country of his or her habitual residence if the Court "finds that the

child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views."

9. Pursuant to the "child's wishes" exception, the Court may take the testimony of G.T.S. and/or S.P.S. *in camera* to determine whether to refuse to return the children to their country of origin because the children object to being returned. See Yang v. Tsui, 499 F.3d 259, 279 (3d Cir. 2007); Falk v. Sinclair, No. 09-346-P-S, 2009 WL 4110757, at *3 (D. Me. Nov. 23, 2009). The Court's "analysis of whether to apply the wishes of the child exception requires consideration of the goals of the Convention and a determination of whether the child is of sufficient age and maturity for his or her views to be taken into account." Yang, 499 F.3d at 279. The issue of "sufficient age and maturity" is decided on a "case-by-case basis." Id. "In making its determination, a court should also consider whether a child's desire to remain or return to a place is the product of undue influence, in which case the child's wishes should not be considered." Id. (internal quotations omitted).

10. While "[t]he child's wishes can be the sole reason that a court refuses to order the return of the child to his or her habitual residence," a "court must apply a stricter standard in considering a child's wishes when those wishes are the sole reason underlying a repatriation decision." Id. at 278.

11. The child's expression of a preference to remain in the respondent's country "is not enough … to disregard the narrowness of the age and maturity exception to the Convention's rule of mandatory return." Id. at 279.

12.     Based on my *in camera* interview of S.P.S., I find that she has attained sufficient age and maturity that it is appropriate to take her views into account. S.P.S.'s views do not foreclose her being returned to Canada. She does not object to being returned to Canada, she expressed no negative views about returning to Canada, and she expressed that she would be happy to return to Canada.

13.     Based on my *in camera* interview of G.T.S., I find that he has attained sufficient age and maturity that it is appropriate to take his views into account. As with S.P.S., G.T.S.'s views do not foreclose his being returned to Canada. He does not object to being returned to Canada, he expressed no negative views about returning to Canada, and he expressed that he would be happy to return to Canada.

14.     The Court finds that Respondent has failed to establish that the Children object to being returned to Canada.

**D.     Costs**

15.     Pursuant to Article 26 of the Hague Convention and 42 U.S.C. § 11607(b)(3), the Court "shall order the [R]espondent to pay necessary expenses incurred by or on behalf of the [P]etitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). In order to comply with this provision of ICARA, Petitioner shall file an itemized bill of said costs within 14 days of this Order. Respondent may respond with any objections to Petitioner's itemized bill of costs within 14 days.

### III. CONCLUSION

The Court hereby GRANTS the Petition for Return (Docket #1) and ORDERS that G.T.S. and S.P.S. shall remain in the custody of their mother, Petitioner Lockhart, so that they may be transported back to Canada. The Court further ORDERS that the Clerk of the United States District Court for the District of Maine release the Children's birth certificates and Social Security cards to Petitioner so that she may transport the Children back to Canada. Nothing in this Order shall prevent the relevant courts in Canada from making an independent determination with respect to the custody of G.T.S. and S.P.S.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of September, 2011.